No. 26-364

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CHRISTIN KYUNGSIK CHO; RICHARD ELGAR LYON III

Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA, LOS ANGELES

Respondent,

WALMART INC.,

Real Party in Interest.

Petition for Writ of Mandamus from the United States District Court
for the Central District of California
Case No. 2:24-cv-08211-RGK-MAR
Hon. R. Gary Klausner, District Judge

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE
ANSWER TO MANDAMUS PETITION**

James R. Sigel
Jacob M. Harper
James H. Moon
Heather F. Canner
Joseph Elie-Myers
Matthew E. Ladew
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Fl.,
Los Angeles, CA 90071-3487
Telephone: (213) 633-6800
JamesSigel@dwt.com
*Attorneys for Real Party in Interest Walmart Inc.*

Petitioners offer no meaningful basis to deny Walmart's requested extension.

*First*, Petitioners contend they are suffering ongoing reputational harm. But that purported harm will not be remedied in this proceeding unless this Court decides to grant the extraordinary remedy of mandamus. Walmart's requested extension should not affect the date of that possible decision. This petition is not being considered for potential argument until June 8, 2026, at the earliest. Dkt. 6. Under Walmart's requested extension, its answer would be filed on April 13, 2026. Petitioners' reply would then be due seven days later, on April 20, 2026. *See* Dkt. 5.1 at 2. Even if this appeal is set for oral argument the first possible date of June 8, 2026, that would provide the panel with the complete briefing seven weeks before argument.

*Second*, Petitioners complain that Walmart has not agreed to a stay of execution. But Petitioners can stop any enforcement action (which Walmart has not begun) simply by posting a bond—i.e., the ordinary way parties secure a monetary judgment while they challenge it in the Court of Appeals. Fed. R. Civ. P. 62. And regardless, for the reasons set forth above, Walmart's requested extension should not delay the resolution of these mandamus proceedings.

*Third*, Petitioners note that they filed their mandamus petition on January 16, 2026. But Walmart was not allowed to answer the petition unless and until this Court ordered a response—which it did not do until February 27, 2026. *See* Circuit Rule

21-4; Dkt. 5. Until that point, this Court could have summarily denied the petition. Fed. R. App. 21(b)(1). Because Walmart did not know whether a response would be ordered, its counsel did not waste additional time and legal fees preparing a brief that might not be necessary. What is more, Petitioners' conduct undercuts their claim of urgency: while the district court issued its final sanctions order on December 19, 2025, Petitioners did not file this mandamus petition until nearly a month later. Dkt. 1.

For these reasons and those stated in the motion, Walmart respectfully requests that the Court grant an extension of time, to and including April 13, 2026, in which to file its answer.

Dated: March 5, 2026          Respectfully submitted,

                              *s/James R. Sigel*

                              James R. Sigel
                              Jacob M. Harper
                              James H. Moon
                              Heather Canner
                              Joseph Elie-Myers
                              Matthew E. Ladew
                              DAVIS WRIGHT TREMAINE LLP
                              350 South Grand Avenue, 27th Floor
                              Los Angeles, California 90071
                              JamesSigel@dwt.com
                              *Attorneys for Real Party in Interest*
                              *Walmart Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this *Reply in Support of Motion for Extension of Time to File Answer to Mandamus Petition* complies with the word limit of Federal Rule of Appellate Procedure ("Rule") 27(d)(2)(A) because the motion contains 363 words. I further certify that this motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word in a proportionally spaced typeface, 14-point Times New Roman.

Dated:  March 5, 2026

*/s/ James R. Sigel*

3