No. 26-364

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

*In re* CHRISTIN CHO and RICHARD LYON,

*Petitioners,*

v.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,

*Respondent,*

WALMART INC.,

*Real Party in Interest.*

On Appeal from the United States District Court
for the Central District of California
The Honorable R. Gary Klausner Presiding
Case No. 2:24-cv-08211-RGK-MAR

## REPLY IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS

Jonas Jacobson
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066
jonas@dovel.com

*Counsel for Petitioners*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................. 1

ARGUMENT .................................................................................. 3

I.   The only recklessness and frivolousness findings were clear abuses of discretion.  This requires reversal. .................................. 3

    A.   The sanctions for pleading-stage filings, class-certification filings, and discovery were all based on the initial failure to verify and were clearly erroneous. ........................................ 4

    B.   There were no sanctions for Plaintiff's opposition to the motion to compel arbitration, and any such sanctions would have been clearly erroneous. ............................................... 10

    C.   The sanctions for opposing the motion to decertify the class were clearly erroneous. ...................................................... 12

II.   Ms. Golikov's in-store purchases show that the mistake was immaterial, was not evidence of improper purpose, and did not multiply any proceedings. .......................................................... 14

III.   Ms. Cho cannot be sanctioned under section 1927 because she worked only on the initial complaint. ........................................... 18

IV.   Petitioners continue to suffer reputational and professional harm, with no other adequate means for relief. ...................................... 20

CONCLUSION ............................................................................. 22

CERTIFICATE OF COMPLIANCE ...................................................... 24

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Pipe & Constr. Co. v. Utah,*
414 U.S. 538 (1974)................................................................16

*Caputo ex. rel. United States of Am. v. Tungsten Heavy Powder, Inc.,*
96 F.4th 1111 (9th Cir. 2024) ........................................7, 8

*Cunningham v. Hamilton Cty.,*
527 U.S. 198 (1999)................................................................20

*Dig. Equip. Corp. v. Desktop Direct,*
511 U.S. 863 (1994)..........................................................20, 21

*Howe v. City of Akron,*
557 F. App'x 402 (6th Cir. 2014) ........................................20

*In re ConAgra Foods, Inc.,*
908 F. Supp. 2d 1090 (C.D. Cal. 2012) ..............................16

*In re Girardi,*
611 F.3d 1027 (9th Cir. 2010)..........................6, 11, 13, 14

*In re Keegan Mgmt. Co., Sec. Litig.,*
78 F.3d 431 (9th Cir. 1996)...................................................4

*Johnson v. Walmart Inc.,*
57 F.4th 677 (9th Cir. 2023) .................................................12

*Mohawk Indus. v. Carpenter,*
558 U.S. 100 (2009)................................................................21

*Morgan v. Cty. of Yolo,*
277 F. App'x 735 (9th Cir. 2008) ........................................14

*Primus Auto. Fin. Servs. v. Batarse,*
115 F.3d 644 (9th Cir. 1997)................................................20

*Rowland v. Bible,*
142 F.4th 1169 (9th Cir. 2025) .............................................7

ii

*Sperring v. LLR, Inc.*,
  995 F.3d 680 (9th Cir. 2021)...................................................................21

*Stanley v. Woodford*,
  449 F.3d 1060 (9th Cir. 2006).............................................................20

*United States v. Tillman*,
  756 F.3d 1144 (9th Cir. 2014).........................................................20, 22

*United States v. United Healthcare Ins. Co.*,
  848 F.3d 1161 (9th Cir. 2016).............................................................16

*Yagman v. Republic Ins.*,
  987 F.2d 622 (9th Cir. 1993)...............................................................9

**Statutes**

28 U.S.C. § 1927 ........................................................................ 1, 12, 14

**Rules**

Fed. R. App. P. 10(a)............................................................................22

Fed. R. Civ. P. 11(c)(2)..........................................................................9

iii

**INTRODUCTION**

Ms. Golikov made numerous in-store purchases during the limitations period. The complaint incorrectly alleged the date of an online purchase. That was a mistake that was below the standard to which Petitioners hold themselves. But the issue here is whether it was reckless—and material—to the point of warranting draconian sanctions. It was neither. The record does not support a finding that Petitioners consciously disregarded any known or obvious risk that the date was wrong. And correctly alleging one of Ms. Golikov's in-store purchases would have supported non-arbitrable claims and taken the case down the same path.

The district court nevertheless found the entire action frivolous because the mistaken date. And it found recklessness based solely on Petitioners' failure to catch the mistake, not because of any known or obvious risk of material misrepresentation. Both these findings—and others necessary for sanctions—were clear abuses of discretion.[1]

---

[1] The district court recently acknowledged that "Plaintiff has a substantial case for relief on the merits" and "has raised substantial legal questions on appeal, such as what constitutes unreasonable and vexatious conduct, a frivolous filing, and multiplication-of-proceedings under 28 U.S.C. § 1927." Dkt. 113 at 2-3.

1

Walmart does not defend these findings on appeal; it runs away from them. It says that Petitioners' demonstration of clear error is "beside the point" because the "sanctions order rests on reckless maintenance after the contrary facts were known, not on the initial filing alone." Ans. 22, 25 (boldface omitted). This argument fails for multiple reasons.

First, the district court's *only* recklessness and frivolousness findings were clear abuses of discretion. The district court made no other recklessness or frivolousness findings that could independently support sanctions.

Second, the district court's findings that it was reckless and frivolous to allege that the November 14, 2021, purchase was in-store (the only recklessness and frivolousness findings) do not even apply to counsels' filings "after the contrary facts were known." After counsel realized the mistake, they did not argue that the November 14, 2021, purchase was in-store. Rather, counsel acknowledged that Ms. Golikov's November 14, 2021, purchase was online (a fact counsel had already disclosed in discovery) and was subject to arbitration. Counsel argued that the case could proceed based on Ms. Golikov's other, in-

2

store purchases during the limitations period, or with a substitute class representative. The district court made no finding that these arguments were reckless or frivolous.

Third, any such finding would have been a clear abuse of discretion. Far from being reckless or frivolous, Counsel's arguments were supported by Ninth Circuit precedent. The district court disagreed with counsel's arguments, but they were nowhere near sanctionable.

Fourth, Walmart did not seek sanctions—and was not awarded sanctions—for what it now calls Petitioners' "most egregious" conduct (opposing its motion to compel arbitration). Ans. 19. So that cannot possibly support the sanctions actually awarded.

Petitioners continue to suffer ongoing reputational and professional harm. This Court should reverse the sanctions.

## ARGUMENT

### I. The only recklessness and frivolousness findings were clear abuses of discretion. This requires reversal.

Sanctions under section 1927 require both recklessness and frivolousness. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th

3

Cir. 1996).[2]  The district court's only recklessness finding was that Petitioners "acted recklessly when they failed to verify a material fact in the litigation" (that the alleged purchase date was in-store, versus online).  APP005.  Its only frivolousness finding was that "the action was frivolous because the argument that Plaintiff purchased a bottle of Great Value Refined Avocado Oil '[o]n November 14, 2021 … from a Walmart store,' was without factual basis."  APP003 (alterations in original).  Both findings were clear abuses of discretion.  Pet. 10-21.

Walmart says that Petitioners' showing of clear error is "beside the point" because the district court sanctioned Petitioners for filings beyond the complaints.  Ans. 25.  But these sanctions necessarily depended on the only recklessness and frivolousness findings that the court made.  Because those findings were clear abuses of discretion, each part of the sanctions award was clear error.

A. **The sanctions for pleading-stage filings, class-certification filings, and discovery were all based on the initial failure to verify and were clearly erroneous.**

The vast majority of the sanctions were for conduct that occurred

---

[2] The filing may also be "intended to harass," *Keegan*, 78 F.3d at 436, but the district court did not impose sanctions on this basis.

before Petitioners realized the mistake in the complaint. The district court awarded sanctions because counsel "continued to represent to the Court, in proceedings beyond the complaint, that Plaintiff purchased the avocado oil in a Walmart store." APP005. In the district court's view, the "false material fact led the parties to (1) litigate a motion to dismiss the FAC; (2) a motion opposing class certification; and (3) engage in discovery." APP005; *see* APP010 (awarding sanctions for Walmart's "Motion to Dismiss the FAC," "Answer to the FAC," "Opposition to Class Certification," and "Rule 23(f) Petition").

The district court based these sanctions on Petitioner's failure to verify the allegation in the complaint: "Simply put, Ms. Cho and Mr. Lyon's failure to verify the initial fact led the Court to resolve unnecessary disputes that would not have occurred had they simply stopped to check whether Plaintiff actually purchased the avocado oil on November 14, 2021." APP005. Imposing sanctions for this mere failure to verify—without a known or obvious risk of material misrepresentation, and without frivolousness showing improper purpose—was a clear abuse of discretion. Pet. 10-21.

Walmart's position that these sanctions were for something other

5

than the failure to verify (*see* Ans. 25) contradicts the district court's statement that the sanctions were based on the "failure to verify the initial fact." APP005. Nor was there any other conduct that could have supported sanctions. Walmart says the sanctions were for "recklessly and vexatiously prolonging the case by litigating based on that false material allegation even after doing so became unreasonable." Ans. 25. But it does not explain why litigating the case was reckless other than the failure to verify the allegation in the complaint—which was not reckless. Pet. 11-16.

If Walmart's position is that counsel must go back and double-check every allegation in the complaint before every filing, that is unreasonable. Noncompliance with such an unworkable standard is certainly not recklessness, which requires disregard of a "known or obvious risk of material misrepresentation." *In re Girardi*, 611 F.3d 1027, 1038 n.4 (9th Cir. 2010); *see* Pet. 11-15.

In addition, counsel's disclosure that the November 14, 2021, purchase was online as soon as Walmart served discovery shows that there was no bad faith here. Pet. 4-5, 21. Walmart does not explain why counsel would promptly disclose that fact if seeking to gain an

advantage from the inaccurate allegation. Counsel just did not realize the discrepancy—inadvertence that is not sanctionable.

Neither of the two cases Walmart relies on helps its position. In *Rowland v. Bible*, 142 F.4th 1169 (9th Cir. 2025), this Court rejected the appellant's argument that he could not be sanctioned under section 1927 because he was not "acting as an attorney" (an issue not presented here). *Id.* at 1172. Plus, in *Rowland*, the district court found that the attorney made "a conscious decision to provide only a limited depiction of WTPA's corporate activities." *Id.* at 1171. Here, the district court found no conscious decision to plead an inaccurate fact—only a failure to verify, which is not recklessness.

In Walmart's other case, this Court *declined* to sanction an attorney who "had the opportunity to verify the factual basis of [a filing] and failed to do so," "inaccurately represent[ed]" facts in a brief, and "quadrupled down" on the inaccurate representation "in the face of multiple decisions and motions … highlighting its implausibility." *Caputo ex. rel. United States of Am. v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1119-20 (9th Cir. 2024). Even that conduct did "not rise to the level of 'bad faith' necessary to impose sanctions under § 1927." *Id.*

7

at 1120. Petitioners' conduct here was far less concerning: while they correctly understood that Ms. Golikov made in-store purchases, they missed the inaccurate (and immaterial) purchase date while reviewing the complaint. They disclosed the online nature of the purchase as soon as Walmart served discovery. And they stopped relying on that purchase after realizing the discrepancy (instead relying on other, in-store purchases).

The conduct of the attorneys who were sanctioned in *Caputo* is incomparable. Those attorneys made a frivolous newly-discovered-evidence argument based on facts they knew well before the order they asked the court to reconsider. *Id.* at 1129-31, 1155-56. They had already drafted a filing based on these facts months earlier, but for tactical reasons had not filed it. *Id.* at 1130-31. After the court's order, they recycled that draft but *changed the date* of the facts so that it appeared they were newly discovered. *Id.* at 1132-33, 1155-56. On these facts, the risk of misrepresentation as to when the attorneys learned about the facts was known or obvious to them. Here, Petitioners did not disregard any known or obvious risk that the date had been filled in incorrectly in the complaint. Pet. 13-15.

8

Walmart also cites Rule 11, which is not at issue. Ans. 26. Walmart did not seek Rule 11 sanctions, and the district court did not award any. And Rule 11 contains a safe harbor for pleadings "corrected within 21 days" of the sanctions motion. Fed. R. Civ. P. 11(c)(2). So Rule 11 shows that failing to catch an incorrect allegation is not enough for sanctions. Counsel must be threatened with sanctions, be given an opportunity to correct the false allegation, and choose to double-down. If Walmart had moved for sanctions under Rule 11, Petitioners could have (and would have) amended the complaint to correct the mistake. Indeed, counsel disclosed the online nature of the purchase in discovery, and sought leave to amend the complaint in opposing decertification. Pet. 4-5, APP083, APP133. This is likely why Walmart did not seek sanctions under Rule 11; instead, it tried to end-run around the safe harbor through section 1927 and the court's inherent authority.[3]

---

[3] The district court awarded sanctions only under section 1927, not its inherent authority. APP005. Walmart's suggestion that this Court affirm sanctions that were never awarded (Ans. 18 n.2) is meritless. In any case, inherent-authority sanctions also require a specific finding of bad faith, and would also be improper here. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993).

9

**B.** **There were no sanctions for Plaintiff's opposition to the motion to compel arbitration, and any such sanctions would have been clearly erroneous.**

On appeal, Walmart asserts that Petitioners' "most egregious" conduct was their "choice to oppose arbitration" after learning about the mistaken allegation. Ans. 19. But Walmart did not seek fees for its motion to compel arbitration, and the district court did not award them. *See* APP010 (listing the filings Walmart sought fees for). So Petitioners' choice to oppose arbitration cannot possibly justify the sanctions award.

Walmart argues that its decision not to seek fees "is not a concession that the pleading was not sanctionable." Ans. 20 n.3. But the question is not whether sanctions would have been appropriate if Walmart had sought them; it is whether the sanctions that the district court actually awarded were proper.

In any event, imposing sanctions for Plaintiff's opposition to the motion to compel arbitration would have been clear error.

The district court's only recklessness and frivolousness findings were clear abuses of discretion. Pet. 10-21. The district court made no other recklessness or frivolousness findings that could support sanctions for the arbitration opposition. Although it stated that this

10

filing "unreasonably multiplied proceedings," APP005, "unreasonably multiplying the proceedings is not enough," *Girardi*, 611 F.3d at 1061.[4] Section 1927 also requires recklessness and frivolousness.

Walmart argues that Petitioners "acted recklessly when they 'continued to advance' litigation positions that depended on Golikov having made an in-store purchase on November 14, 2021, after it became obvious that her purchase was online and thus obvious that the legal positions Cho and Lyon were advancing were meritless." Ans. 27 (quoting APP005). But the district court made no such finding.

Moreover, Walmart is wrong that Plaintiff's opposition to the arbitration motion depended on Ms. Golikov having made an in-store purchase on November 21, 2021. Plaintiff's opposition did not dispute that the November 14, 2021, purchase occurred online, or that it was subject to arbitration. Instead, Plaintiff argued that the case could continue due to Plaintiff's other, in-store purchases that were not subject to arbitration. APP108-111. The district court made no finding that this argument was reckless or frivolous. And far from it, Plaintiff's

---

[4] The district court made this finding before Walmart declined to seek sanctions in connection with the motion to compel arbitration.

11

argument was supported by Ninth Circuit precedent holding that Walmart's arbitration clause does not apply to in-store purchases, even when customers also make online purchases. *Johnson v. Walmart Inc.*, 57 F.4th 677, 681-83 (9th Cir. 2023).

Plaintiff's secondary argument that Walmart waived its arbitration argument also did not depend on Ms. Golikov's November 14, 2021, purchase being in-store. APP111-114. And although the district court did not accept this argument, it was made in good faith. APP027. The district court made no finding that it was reckless or frivolous.

## C. The sanctions for opposing the motion to decertify the class were clearly erroneous.

The only sanctioned conduct that occurred after counsel realized the mistake was Plaintiff's opposition to Walmart's motion to decertify the class. APP010.[5] These sanctions were clearly erroneous.

Again, the district court's only recklessness and frivolousness findings were clear abuses of discretion. Pet. 10-21. The district court made no other recklessness or frivolousness findings supporting

---

[5] The only proceeding that this opposition could have "multiplie[d]" was Walmart's reply to it. 28 U.S.C. § 1927.

sanctions for the decertification opposition. Although the district court stated that this filing "unreasonably multiplied proceedings" (APP005), "unreasonably multiplying the proceedings is not enough," *Girardi*, 611 F.3d at 1061.

Moreover, the district court's erroneous recklessness and frivolousness findings were irrelevant to the opposition to decertify the class. The decertification opposition did not "'continue to advance' litigation positions that depended on Golikov having made an in-store purchase on November 14, 2021." Ans. 27. Rather, counsel accepted the district court's conclusion that Ms. Golikov's purchase was subject to arbitration, and argued that the class could continue with a substitute class representative, or, alternatively, with Ms. Golikov serving as class representative based on her other, in-store purchases. APP122-129. The district court made no finding that these arguments were reckless or frivolous.

And these arguments were neither reckless nor frivolous (nor unreasonable). They were supported by Supreme Court and Ninth Circuit precedent, and numerous district court rulings. APP122-128 (describing this precedent). The district court did not accept these

13

arguments, but they were not sanctionable.

## II. Ms. Golikov's in-store purchases show that the mistake was immaterial, was not evidence of improper purpose, and did not multiply any proceedings.

Walmart does not dispute that Ms. Golikov made in-store purchases of avocado oil during the limitations period. *See* Pet. 2, APP083, APP090. This fact shows error in three different ways.

First, there was no risk of a "material" misrepresentation, as required for recklessness. *Girardi*, 611 F.3d at 1038 n.4; *see* Pet. 17-18. The alleged date of the purchase was immaterial, because any of Ms. Golikov's in-store purchases during the limitations period would have supported her claims and the class's claims. Pet. 17-18.

Second, there was no "objective evidence of improper purpose" as required for frivolousness. *Girardi*, 611 F.3d at 1062; *see* Pet. 20-21. Petitioners had "nothing to gain" by inaccurately alleging the November 14, 2021, purchase was in-store when they could have just relied on Ms. Golikov's in-store purchases. *Morgan v. Cty. of Yolo*, 277 F. App'x 735, 736 (9th Cir. 2008); *see* Pet. 20-21.

Third, Petitioners' failure to catch the mistake did not "multipl[y] the proceedings." 28 U.S.C. § 1927; *see* Pet. 23-26. If Petitioners had

14

done what the district court said they should have—double-checked the allegation and realized it was incorrect—the same proceedings would have occurred, because Plaintiff would have just based the allegations on her true in-store purchases. Pet. 23-26. The mistake only hurt Petitioners (and helped Walmart) because the class was decertified.

Walmart asserts that "[w]hether Golikov purchased avocado oil on Walmart.com or in a Walmart store was a material fact in this case: an online purchase was subject to arbitration and class-waiver; an in-store purchase was not." Ans. 3. But it is undisputed that Ms. Golikov purchased avocado oil in a Walmart store during the limitations period; the only question is when. And whether her in-store purchases occurred on November 14, 2021, or some other date during the limitations period is immaterial. In either case, they are not subject to arbitration and support the class claims.

Walmart argues that it was "useful to Golikov and her counsel to identify a purchase as early as possible within the three-year limitations period." Ans. 24. It does not explain why this was useful, and its argument makes no sense. As long as Ms. Golikov made in-store purchases during the limitations period, she had a non-arbitrable

15

claim and could represent the class. And for the class claims, it is the filing of the complaint, not the date of Ms. Golikov's purchase, that tolls the statute of limitations. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974).

Walmart argues that the November 14, 2021, date was useful for "satisf[ying] Rule 9(b)'s pleading standards." Ans. 24. But "a complaint need not allege a precise time frame, describe in detail a single specific transaction," or even "identify representative examples of false claims to support every allegation" to satisfy Rule 9(b). *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (cleaned up); *see, e.g., In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1100 (C.D. Cal. 2012) (enough to allege that the "representation appeared on product labeling and in marketing of the products throughout the class period"). So the November 14, 2021, date was not necessary—or even important—for satisfying Rule 9(b).

Walmart points to Ms. Golikov's declaration in support of class certification, which it says "used the same $8.23 price from the November 14, 2021 receipt." Ans. 24. The statement in the declaration is: "I purchased bottles of Great Value Avocado Oil from a Walmart

16

store while living in Tarzana, California.  I paid approximately $8.23 for each bottle."  RA0006.  This cannot give rise to sanctions; it is a true statement that does not rely on the November 14, 2021, purchase and confirms that Ms. Golikov made other in-store purchases.  Nor did the district court make any finding that this statement showed recklessness or frivolousness—let alone by Mr. Lyon.  And Mr. Lyon had no reason to go back and check the allegations in the complaint to confirm that Ms. Golikov's in-store purchases were specifically identified until the meet-and-confer on Walmart's arbitration motion.  APP026-027.

Finally, Walmart argues that Petitioners "cannot obtain mandamus based on counterfactuals."  Ans. 21; *see* Ans. 28-29.  But Walmart agrees that whether conduct multiplied proceedings is a "but-for test."  Ans. 28 (quotation omitted).  A but-for test is counterfactual: it asks whether the same events would have occurred absent the conduct at issue.  Here, the conduct at issue is Petitioners' "failure to verify" that the November 14, 2021, purchase was in-store.  APP005.  If that conduct had not occurred—i.e., if Petitioners had double-checked the date and found the discrepancy—they would have removed the inaccurate date and the same proceedings would have ensued.  Pet. 23-

17

26.

Walmart argues that, after Petitioners realized the mistake, they should have amended the complaint to correct the mistaken allegation. But at that point, Plaintiff had already corrected the issue in an interrogatory response, and Walmart knew about it. Walmart does not explain how amending the complaint would have reduced the proceedings (nor did the district court make any such finding). If anything, amending could have resulted in *more* proceedings, as it may have defeated Walmart's decertification motion. Walmart is also wrong in suggesting counsel never sought to amend the complaint. In response to Walmart's decertification motion, counsel requested "leave to amend the Complaint to reflect the narrowed class, either by adding allegations pertaining to the substitute class representative or to Ms. Golikov's in-store purchases, as detailed in her past declaration." APP133-134. Regardless, whether or not counsel sought leave to amend is irrelevant to this appeal, which is about whether the district court correctly applied section 1927.

**III. Ms. Cho cannot be sanctioned under section 1927 because she worked only on the initial complaint.**

The only work that Ms. Cho did on this case was preparing and

18

filing the initial complaint, which cannot be sanctioned under section 1927.  Pet. 21-23.  Walmart's rejoinder is that "the opposition to the motion for sanctions did not include this argument," so it "could establish error … only as to the amount of the sanction award against Cho."  Ans. 27.  Walmart is wrong.

In opposing the motion for sanctions, Petitioners argued that "§ 1927 cannot be applied to an initial pleading."  RA0179 (quoting *Keegan*, 78 F.3d at 435).  And the declarations submitted with that opposition showed that Ms. Cho's work was limited to "prepar[ing] the initial complaint," while Mr. Lyon took over the remaining litigation.  APP016, APP026-028.  In any event, the "amount of the sanction award" should be $0.00—no sanctions—because Ms. Cho engaged in no conduct sanctionable under section 1927.

Walmart argues that Ms. Cho was "listed as counsel for Golikov" in other filings, "which shows that she remained as counsel to Golikov."  Ans. 27-28.  But remaining as counsel is not enough for sanctions.  Sanctions must be "based solely on [an attorney's] own improper conduct without considering the conduct of the parties or any other attorney."  *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 650 (9th

19

Cir. 1997) (quotation omitted); *see* Pet. 10, 22-23.

## IV. Petitioners continue to suffer reputational and professional harm, with no other adequate means for relief.

Walmart argues that Petitioners suffer no more than the ordinary "cost and delay" of "continuing through ordinary litigation." Ans. 14. But Petitioners continue to suffer ongoing reputational and professional harm of the kind that supports mandamus. Pet. 28-30; *United States v. Tillman*, 756 F.3d 1144, 1151 (9th Cir. 2014). Here, like in *Tillman*, the sanctions orders have "collateral effects on [Petitioners'] reputation and professional endeavors." *Tillman*, 756 F.3d at 1151; *see* Pet. 28-30.

Walmart's cited cases involving the collateral-order doctrine are inapposite. *See* Ans. 12, 16 (citing *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 208 (1999); *Stanley v. Woodford*, 449 F.3d 1060, 1065 (9th Cir. 2006); and *Howe v. City of Akron*, 557 F. App'x 402, 405 (6th Cir. 2014)). These cases declined to create a categorical right of immediate appeal for *all* sanctions orders, regardless of the merits or seriousness of the particular case. *See, e.g.*, *Dig. Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 868 (1994) (collateral-order doctrine applies to "the entire category to which a claim belongs"). A mandamus ruling, by contrast, does not

20

extend to "*any* sanctions order." Ans. 12. Indeed, the Supreme Court has blessed mandamus as a "useful 'safety valve[]' for promptly correcting serious errors" outside of the categorical collateral-order doctrine. *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 111 (2009) (quoting *Dig. Equip.*, 511 U.S. at 883).

Walmart says that Petitioners and their client must pursue an entire arbitration over a single bottle of avocado oil to appeal the sanctions order. Ans. 13. But Ms. Golikov retained Petitioners to pursue a class action and she was not sanctioned. The burden of individual arbitration, over one bottle of avocado oil, would not make sense for her. Nor would arbitration develop the sanctions record in any way. And it would not remedy the ongoing harm to Petitioners.

Walmart suggests that Petitioners create appellate jurisdiction by "commencing arbitration and then agreeing to dismiss [their client's] claim." Ans. 14. But that would require their client to dismiss her claims, with prejudice, just to allow her lawyers to appeal a sanctions order having nothing to do with the underlying merits. And anyway, there is a risk that this Court would still find no appellate jurisdiction. *See, e.g.*, *Sperring v. LLR, Inc.*, 995 F.3d 680, 682 (9th Cir. 2021).

Finally, Walmart argues that this Court should disregard Petitioner's declarations establishing harm because they "were not before the district court." Ans. 17. But the rule it cites is about the "record on appeal," not what a party may submit in connection with a mandamus petition. Fed. R. App. P. 10(a). And Walmart's argument makes no sense. Irreparable harm is a factor for mandamus, not an underlying issue in the district court. So facts establishing irreparable harm will rarely be in the district court record. *See, e.g.*, *Tillman*, 756 F.3d at 1151 (granting mandamus based on representations of harm made "at oral argument on appeal").

## CONCLUSION

In this case, the district court imposed draconian sanctions for a pleading mistake, without evidence of recklessness or materiality. This was a clear misapplication—in multiple ways—of section 1927. The Court should issue a writ of mandamus reversing the sanctions.


Dated: April 20, 2026                    Respectfully submitted,

                                         */s/ Jonas Jacobson*
                                         Jonas Jacobson
                                         DOVEL & LUNER, LLP

201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066
jonas@dovel.com

*Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

This reply in support of petition for a writ of mandamus complies with the word limit of Circuit Rules 21-2(c) and 32-3(2) because it contains 4,199 words, excluding the parts exempted by Federal Rules of Appellate Procedure 21(a)(2)(C) and 32(f).

The reply also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 14-point Century Schoolbook font.

Dated: April 20, 2026                    */s/ Jonas Jacobson*
                                         Jonas Jacobson

24