**NOT FOR PUBLICATION**

FILED

SEP 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTIN KYUNGSIK CHO; RICHARD ELGAR LYON III,

Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES,

Respondent,

WALMART INC.,

Real Party in Interest.

No. 26-364

D.C. No.
2:24-cv-08211-RGK-MAR

MEMORANDUM*

On Petition for Writ of Mandamus

Argued and Submitted June 12, 2026
Pasadena, California

Before: COLLINS and BRESS, Circuit Judges, and DONATO, District Judge.**

Attorneys Christin Cho and Richard Lyon petition for a writ of mandamus

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

reversing the district court's sanctions against Cho and Lyon for unreasonably and vexatiously multiplying proceedings. *See* 28 U.S.C. § 1927. We have jurisdiction under 28 U.S.C. § 1651, and we deny the petition.

"The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *In re Boon Glob. Ltd.*, 923 F.3d 643, 649 (9th Cir. 2019) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). "Only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion will justify the invocation of this remedy. The petitioner bears the burden of showing that its right to issuance of the writ is clear and indisputable." *Id.* (quoting *In re Van Dusen*, 654 F.3d 838, 840–41 (9th Cir. 2011)). In deciding whether to grant mandamus relief, we weigh the five factors set forth in *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). Because mandamus relief is discretionary, we may deny the petition "even where the *Bauman* factors are satisfied." *In re Boon*, 923 F.3d at 649 (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1099 (9th Cir. 1999)).

Petitioners have not satisfied the first *Bauman* factor, which provides a sufficient basis to deny the petition. The first *Bauman* factor asks whether "[t]he party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires." *Bauman*, 557 F.2d at 654. We have explained that "[t]he need to show the lack of an available remedy absent a writ of mandamus goes

to the heart of this extraordinary remedy[,] which should be sparingly employed." *Cole v. U.S. Dist. Ct.*, 366 F.3d 813, 818 (9th Cir. 2004). Ordinarily, "an alternative remedy need only be available, not guaranteed." *In re Jordan*, 606 F.3d 1135, 1137 (9th Cir. 2010). However, we have "previously recognized a narrow futility exception to the no-alternate-means-of-relief limitation," when a petitioner "convincingly demonstrate[s]" that pursuing alternative means of relief (in that case, reconsideration of a bankruptcy court order before the district court) would be futile. *In re Kirkland*, 75 F.4th 1030, 1050 (9th Cir. 2023) (quoting *Cole*, 366 F.3d at 820).

In this case, petitioners have an adequate remedy because they can appeal the sanctions order after the district court lifts its stay at the conclusion of arbitration of Plaintiff Edie Golikov's claims and enters final judgment. *See* 9 U.S.C. § 16(a); *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 960–62 (9th Cir. 2007); *see also In re Markus*, 313 F.3d 1146, 1151 (9th Cir. 2002) ("Sanctions orders are interlocutory orders that are not appealable until final judgment is entered." (citation omitted)). On the current record, petitioners have not provided "convincing evidence" that pursuing this path would be futile. *Cole*, 366 F.3d at 820. Although petitioners suggest that Golikov may not wish to pursue arbitration given the low-dollar amount of her claims, the representations about Golikov's intentions lack evidentiary support. Further, petitioners' counsel at oral argument represented that he cannot speak on behalf of Golikov because he does not represent her. We therefore cannot

conclude on this record that Golikov intends to abandon her arbitrable claims, or that she cannot otherwise resolve them in a way that would produce a final judgment from which the sanctions order could be appealed.

**PETITION DENIED.**